ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 9 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

STATE OF HAWAII,

        Plaintiff,

  vs.

ERIC ESTRADA BALLESTEROS, (03),

        Defendant.

CR. NO. 05-00232-03 JMS

DEFENDANT'S SENTENCING
MEMORANDUM; CERTIFICATE OF
SERVICE

DEFENDANT'S SENTENCING MEMORANDUM

EXHIBITS A-F

JOSEPH R. MOTTL III #3118
Attorney at Law
63 Merchant Street
Honolulu, HI 96813
Phone: 808-533-6612

Attorney for Defendant
ERIC ESTRADA BALLESTEROS

TABLE OF CONTENTS

I.      Introduction............................................................3

II.     Procedural Background ................................................4

III.    Post-Booker Sentencing Considerations ...................................4

IV.     The Sentencing Factors as Applied to Eric Ballesteros.........................5

        a.  The Nature and Circumstances of the Offense and Eric Ballesteros' History and
            Characteristics ...........................5

            i.   Eric Ballesteros' Cooperation with the Government .................5

            ii.  Eric Ballesteros' Good Character and Decent Personal
                 History............................................6

            iii. Eric Ballesteros' Offense.....................................7

V. The Minimally-Sufficient Sentence in this Case ............................7

VI. Fine and Restitution.....................................................7

VII. Conclusion ..........................................................8

I.    Introduction

Defendant Eric E. Ballesteros submits to this Honorable Court this memorandum to assist in achieving the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of *United States v. Booker*, 125 S. Ct. 738 (2005).    A sentence must be "sufficient but not greater than necessary" in light of the individual circumstances of the case and of the defendant.

The ability of this Honorable Court to fashion a fair sentence, a sentence tailored to the particular case and defendant was restored by the United States Supreme Court in the Booker decision.  Indeed, a sentencing court is required to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines and is required by Section 3553(a) to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

Defendant Ballesteros asks this Honorable Court to consider several particular circumstances of this case in fashioning a sentence.  Defendant Ballesteros at the outset cooperated with the government, he immediately provided a written statement about the conspiracy and his role in it.  He waived his right to an indictment and plead as charged. Defendant Ballesteros possesses a good character and solid positive personal history indicating he poses no risk of recidivism.   Defendant Ballesteros unequivocally acknowledges his involvement in this conspiracy, is aware of the harm and misery that illicit drugs can cause, and is ashamed of his actions and his foolish decisions.  Defendant Ballesteros, unlike his co-defendants Daniel Rey Tiletile and Jerome Alan Yapching, was not an initiator, planner, organizer, solicitor, financer or decision maker (other than his

decision to involve himself in the subject criminal conspiracy) in the operation of the subject conspiracy.

These circumstances warrant a sentence substantially below that provided for by the sentencing guidelines.

## II. Procedural Background

Defendant Eric E. Ballesteros pleaded guilty to a single-count information of conspiracy to distribute and to possess with intent to distribute 50 grams or more of Methamphetamine, 21 USC 841(a) and 846. He now stands before the Court for sentencing.

## III. Post-Booker Sentencing Considerations

This Honorable Court knows the broad ramifications of *United States v. Booker* for this proceeding. The sentencing guideline range is no longer binding on a sentencing court, but is only one of five factors to be considered in determining the sentence. *Booker*, 125 S. Ct. at 764-65. This Honorable Court must also consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. Id.; 18 U.S.C. § 3553(a)(1), (a)(3), (a)(6)-(7). In considering Section 3553(a) factors, the sentencing guidelines cannot be given any more or less weight than any other factor. See *United States v. Jaber*, 362 F. Supp. 2d 365, 37076 (D. Mass. 2005) (providing comprehensive analysis of why sentencing guidelines do not reflect statutory purposes of punishment); *United States v. Ranum*, 353 F. Supp. 2d 984, 987 (E.D. Wis. 2005) (same).

Moreover, Booker establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of Section 3553(a) states that this Honorable Court must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation:

> The court shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)].

18 U.S.C. § 3553(a) (emphasis added). This so-called "parsimony provision" is not merely a factor to be considered in determining a sentence; it represents a cap above which a sentencing court is statutorily prohibited from sentencing—even when a greater sentence is recommended by the sentencing guidelines. See *United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

IV.    The Sentencing Factors as Applied to Eric E. Ballesteros

Aside from the sentencing guidelines range, two of the Section 3553(a) factors are particularly relevant in Eric Ballesteros' case: the nature and circumstances of the offense and the history and characteristics of the defendant; and the need to avoid unwarranted sentencing disparity. 18 U.S.C. § 3553(a)(1) & (3).

A. The Nature and Circumstances of the Offense and Eric E. Balleteros' History and Characteristics

1. Eric E. Ballesteros' Cooperation with the Government. Defendant Eric E. Ballesteros' cooperation with the government gives significant insight into his character. See *Roberts v. United States*, 445 U.S. 552 (1980) (cooperation is a "laudable endeavor that bears a rational connection to a defendant's willingness to shape up and change his behavior").

Eric Ballesteros' cooperation was immediate and unhesitating.  He gave an account of the conspiracy and his involvement in it.

2. <u>Eric Ballesteros' Good Character and Decent Personal History</u>.  Individuals of family, friendship, and employment have taken it upon themselves to write to this Honorable Court to share their impressions of Eric Ballesteros, hoping to give some insight into his person. See Letters attached hereto as Exhibits A through E (all submitted to the U.S. Probation Officer on this case).   They show his essentially constructive, selfless nature.

Eric Ballesteros has a steady history of employment in various areas, including both volunteer work and employment with a weekly publication of writing and art by young people in the juvenile justice system.  In addition to his employment over the past two years, he went back to school and obtained his Associate in Applied Science Degree.  He is the first in his family to receive a higher education degree.  His record of class attendance, his grades, and verification of his receipt of the degree are included as Exhibit F (all submitted to the U.S. Probation Officer on this case).   They show his successful history of engaging in socially constructive activity.

3. <u>Eric E. Ballesteros' Offense</u>.  The offense in this case is serious. As pointed out above, Eric Ballesteros unequivocally acknowledges his involvement in this conspiracy, is aware of the harm and misery that illicit drugs can cause, and is ashamed of his actions and his foolish decisions.  However, Eric Ballesteros, unlike his co-defendants Daniel Rey Tiletile and Jerome Alan Yapching, was not an initiator, planner, organizer, solicitor, financer or decision maker (other than his decision to involve himself in the subject criminal conspiracy) in the

operation of the subject conspiracy. See PSR at ¶¶ 14-23.  The facts show that Eric Ballesteros' helped Daniel Rey Tiletile carry the proceeds of the drug sales back to California.

V.      The Minimally-Sufficient Sentence in this Case

As discussed above, *Booker* and the 18 U.S.C. § 3553(a) parsimony provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines:  the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment.  Here, it is respectfully submitted that a sentence far less than that of Daniel Rey Tiletile and Jerome Alan Yapching of 108 months is sufficient to achieve the goals of punishment. Justice is certainly served by a lesser sentence.  A lesser sentence sentence achieves the goals of punishment, deterrence, incapacitation, and rehabilitation. Eric Ballesteros recognizes that the seriousness of his offense warrants a firm sentence, but a lesser sentence is warranted given the nature and extent of his activities, as compared to co-defendants.  The sentencing disparity between that received by his co-defendants and a lesser sentence is warranted.

VI.     Fine and Restitution

Imposition of a fine is discretionary, and, defendant respectfully submits, should not be ordered in this case.  Mr. Ballesteros' financial condition is such that he is currently unable to pay any significant fine, and is not likely to be able to do so in the foreseeable future. See PSR at ¶¶ 64, 77-79 (financial condition).

VII. Conclusion

For the reasons discussed above, the Defense respectfully requests that this Honorable Court impose a sentence that is substantially less than that of his co-defendants.

Dated at Honolulu, Hawaii, March 7, 2006.

JOSEPH R. MOTTL
Attorney for Defendant
ERIC E. BALLESTEROS